Pratt, J.
This is an appeal from an order made by the surrogate of Kings county. The proceeding was instituted by the district attorney for the purpose of having the surrogate assess and fix the cash value of the estate of Hannah Enston, deceased, in order that the tax thereon may be collected pursuant to chapter 483 of the Laws of 1885, entitled “An act to tax gifts, legacies and collateral inheritances in certain cases.
There is no dispute on the facts Hannah Enston, at the-time of her death, was a resident of the state of Pennsylvania. She departed this life on the 26th of October, 1886, in the state of South Carolina, leaving real and personal property within the county of Kings, in this state. Her last will and testament was admitted to probate in Kings county, on the 4th of November, 1886. An appraisement of the property was duly had, and the tax amount fixed by the-appraiser.
The specific contention made by the executors on this appeal is, that the decedent not being a resident of this-state at the time of her death, the legacies under the will are not subject to the law of 1885, notwithstanding the property so bequeathed was at the time of her death, invested and located within this state.
That the statute covers this case cannot admit of doubt.. Section 2 of the act provides that “ whenever any foreign. *381 executor, etc., shall assign or transfer any stock standing in the name of the deceased or in trust for decedent, etc.” By section 15 it is further provided that the “surrogate’s court, in the county in which the real property is situated of a decedent who may not be a resident of the state * * * shall have jurisdiction, etc.” Thus in the former section, announcing that capital invested in this state comes under the statute and is subject to the tax, and in the latter section giving the surrogate jurisdiction to determine the tax to be imposed upon real estate.
A fair interpretation of the statute seems to negative any exemption from taxation of the property in question.
The statute seems to provide for the cases: 1st, where the decedent is a resident of the state; and 2d, where the property of the decedent is in the state at the time of his death. The statute relates to the taxation of property, and the words “ or which property shall be within this state ” must be regarded as the alternative of the words “while being a resident of this state.”
This is the only construction that will give any force or effect to the words “ or which property shall be within this state,” and necessarily includes property within this state at the time of the death of a non-resident.
The statute expressly states that “ all property which shall pass by will or intestate laws” shall be subjected to the tax. Those words necessarily included property of non-resident as well as resident decedents.
The grammar of section 1 of the act may be the subject of just criticism, but in view of the well-settled policy of the state in regard to taxation and the inconsistency of adopting any other construction than that adhered to by the surrogate we think the decree must be affirmed.
It seems to be conceded that property passing by grant to take effect at grantor’s death is subject to tax without reference to the residence of the grantor.
It is difficult to see why property passing by will should be free from tax, while property passing by grant to take effect at grantor’s death would be liable to taxation. Such an inconsistency cannot be imparted to a legislative act.
There are no errors sufficient to warrant an interference with the decree, which is affirmed with costs.
Barnard, P. J., and Dykman, J., concur.